IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jabbar Straws,                     )<br>                                             )<br>                  Petitioner,    )<br>                                             )     Civil Action No. 5:20-885-BHH<br>v.                                         )<br>                                             )     **ORDER**<br>Bryan P. Stirling,              )<br>                                             )<br>                  Respondent. )<br>_____) | |

This matter is before the Court upon Petitioner Jabbar Straws' ("Petitioner") pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.), the matter was referred to a United States Magistrate Judge for initial review.

On March 25, 2020, Magistrate Judge Kaymani D. West filed a Report and Recommendation ("Report"), outlining the issues and recommending that the Court dismiss the instant petition for lack of jurisdiction because it is a successive petition and because Petitioner has not received pre-filing authorization from the Fourth Circuit Court of Appeals to file the petition. *See* 18 U.S.C. § 2244(b)(3).

Attached the Report was a notice advising Petitioner of his right to file written, specific objections to the Report within fourteen days of receiving a copy. Petitioner filed objections on April 10, 2020, and the matter is ripe for review.

**STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The

Court is charged with making a de novo determination of any portion of the Report to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

### DISCUSSION

Pursuant to 28 U.S.C. § 2254, "[a] claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed" unless an exception applies. See 28 U.S.C. § 2244(b)(2); see also Rule 9, Rules Governing Section 2254 and 2255 Cases ("Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).").

The "AEDPA does not define 'second or successive.'" *United States v. Orozco–Ramirez*, 211 F.3d 862, 867 (5th Cir.2000). "[I]t is well settled that the phrase ['second or successive'] does not simply refer to all § 2254 applications filed second or successively in time." *Magwood v. Patterson*, 561 U.S. 320, 332 (2010) (internal quotation marks and citations omitted). "In order to qualify as a successive petition, the dismissal of the first habeas petition must be on the merits." *Harvey v. Horan*, 278 F.3d 370, 379 (4th Cir. 2002), *abrogated on other grounds by Skinner v. Switzer*, 131 S.Ct. 1289 (2011) (citing *Slack v. McDaniel*, 529 U.S. 473, 485-89 (2000)).

Here, as the Magistrate Judge explained in his Report, Petitioner has filed six habeas corpus actions challenging the same conviction, including *Straws v. Stevenson*, No. 5:13-3484-BHH ("*Straws I*"), which the Court considered on the merits and granted

summary judgment in favor of Respondent. (*See* ECF No. 17 at 1-2.) Because the Court decided *Straws I* on the merits, the Court agrees with the Magistrate Judge that the instant petition is successive. *See Epps v. McCall*, No. 1:13-cv-873-RMG, 2013 WL 2897016, at *1 (D.S.C. June 13, 2013) ("To be considered 'successive,' the second or subsequent petition must be an attack on the same conviction attacked in the first petition, and the first petition must have been adjudicated on the merits." (citing *In re Williams*, 444 F.3d 233, 236 (4th Cir. 2006)).

When a petitioner has previously litigated a § 2254 petition, he or she must, "[b]efore a second or successive application permitted by this section is filed in the district court, . . . move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A); *see also Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) ("[B]efore the district court may accept a successive petition for filing, the court of appeals must determine that it presents a claim not previously raised that is sufficient to meet § 2244(b)(2)'s new-rule or actual-innocence provisions." (citing 28 U.S.C. § 2244(b)(3))).

Here, Petitioner has not shown that he has obtained permission from the United States Court of Appeals for the Fourth Circuit to file a successive petition, and thus, the Court agrees with the Magistrate Judge that Petitioner's unauthorized, successive petition must be dismissed. *See Burton*, 549 U.S. at 153 (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition).

In addition, the Court finds Petitioner's objections unavailing. Stated simply, nowhere in his objections does Petitioner explain why the instant § 2254 petition is not

successive to his prior § 2254 petition, which was decided on the merits; nor does Petitioner contend that he has received pre-filing authorization from the Fourth Circuit to file the instant petition. Instead, Petitioner merely rehashes his claims and asserts that he should not have to received pre-filing authorization from the Fourth Circuit because this is the first time he has raised the issue of ineffective assistance of post-conviction relief counsel. (ECF No. 20 at 4.) Ultimately, the Court finds these objections wholly without merit and agrees with the Magistrate Judge that the instant § 2254 petition is successive. Moreover, because it does not appear that Petitioner has obtained the necessary pre-filing authorization from the Fourth Circuit to file this petition, the Court finds that it lacks jurisdiction to consider it.

Accordingly, the Court hereby adopts and incorporates the Magistrate Judge's Report (ECF No. 17); overrules Petitioner's objections (ECF No. 20); and dismisses this action.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
The Honorable Bruce Howe Hendricks
United States District Judge

July 9, 2020
Charleston, South Carolina

### **CERTIFICATE OF APPEALABILITY**

The governing law provides:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies the standard by demonstrating that reasonable jurists would find this Court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001).  Here, the Court finds that the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is denied.